Moses Harrington and Francis M. Dunn

*vs.*

J. Alexander Fulton and William A. Atkinson.

Kent, March T. 1883.

*Subrogation; no subrogation where no equity.*

He who asks subrogation must work out his equities through those of the party to whose equities he seeks to be subrogated. He can have no equity if such party has none. (*Miller* v. *Stout, ante,* p. 259, followed).

Bill to restrain the prosecution of an action at law.—It appears by the bill in this cause that one Emanuel J. Stout had heretofore recovered a judgment, being 173 as of the April Term, 1866, of the Superior Court of the State of

Delaware in and for Kent County, the real debt whereof was $1,230, with interest from September 26, 1866, and $3.77 costs, against William A. Atkinson and Henry Todd—the interest on which judgment had been paid up in full to September 26, 1873.

It is also stated in the bill that on the 23d day of March, 1880, said Stout assigned said judgment to Todd, stating in said assignment that Todd was a surety on said judgment, and that the same had been paid to the plaintiff out of the proceeds of the sale of Todd's real estate; that Todd on the same day assigned to James Alexander Fulton, the one half part of said judgment and of the moneys thereby secured.

It is also stated that Todd was surety only in said judgment for the said Atkinson, he (the said Atkinson) being the principal debtor therein; and at the April Term, 1876, of said superior court the principal, interest and costs of said judgment, then amounting to $1,370.94, were paid in full to Wilson L. Cannon, then guardian of the said Emanuel J. Stout, who was a minor, by Peter L. Cooper, sheriff of said county, out of the proceeds of the sale of the real estate of said Todd; which real estate had been sold by said sheriff under execution process on the 14th and 21st days of March, 1876. The bill states that there were of record in said superior court four several judgments against the said Atkinson, naming them, in which said Atkinson was surety only for Todd, and did not represent any indebtedness of the said Atkinson otherwise than as surety for said Todd; that the aggregate amount of said four judgments against the said Atkinson, as surety for said Todd, is much larger than the amount of the judgment in which Todd was surety for Atkinson, and that said Atkinson became the surety of said Todd in the judgment bonds on which the said four judgments were entered because of the fact that said Todd had become his (Atkinson's) surety in the bond upon which the judgment in favor of Stout had been entered; and that this was one of the principal reasons why the said Atkinson became the surety for Todd as aforesaid, and that at the time

the said Atkinson became security for said Todd, it was the understanding between the said Todd and Atkinson that their mutual suretyships for each other should be set off, one against the other. That at the time the said Atkinson became surety for the said Todd in the three several bonds to the Citizens Building & Loan Association of Dover, Delaware, upon which three of the said judgments mentioned in. the bill, against the said Atkinson, were entered, the said Todd was indebted to a very large amount, and was then in fact insolvent and unable to pay his debts, and is now insolvent. That all the real and personal property of the said Todd has been sold under execution process for the payment of his debts, except a small farm which is incumbered by a purchase-money mortgage to the full extent of its value, which remains unpaid, and that there still remain in the records of said superior court many judgments unpaid and unsatisfied against the said Todd, amounting in the aggregate to several thousand dollars ; that the said judgments stated in the bill in which Atkinson was surety for Todd were not paid out of the proceeds of the sale of Todd's real estate ; and that, although James H. Todd was a cosurety with the said Atkinson in some of said judgments, he, the said James H. Todd, is wholly insolvent and unable to pay his debts.

It is also alleged in said bill that Francis M. Dunn, late sheriff, one of the complainants, sold under execution process all the real estate of William A. Atkinson, and paid out of the proceeds of said sale to Moses Harrington, the other complainant, to whose use the judgment in favor of the Farmers Bank against Atkinson had been assigned, and in which Atkinson was only surety for Todd, the sum of $1,323.94, and that said Dunn, out of said proceeds, paid the sum of $1,231.33, which sum was the balance of the debt, interest, and costs,. of three other judgments in which Atkinson was surety only for Todd; that the aggregate of the sums paid by said Dunn, as late sheriff, out of the proceeds of the sale of the lands of Atkinson to the plaintiffs and persons owning and holding the four judgments mentioned in the complainants' bill and

in which Atkinson was surety only for Todd, was the sum of $2,555.97, and largely in excess of the amount paid out of the proceeds of the sale of the lands of said Todd to the plaintiff in said Stout judgment, in which Todd was only surety for Atkinson; and that such excess amounts to the sum of $773.96.

It is also stated in the bill that the proceeds of the sale of the lands of Atkinson by said late sheriff amounted in the aggregate to the sum of $6,987.57, which were applied by him, as sheriff, to judgments and a mortgage against the said Atkinson, exclusive of the Stout judgment, and that the proceeds of said sale were sufficient to pay off and discharge all the judgments and the mortgage, excepting the Stout judgment, which had as aforesaid been paid, and a judgment of the said Moses Harrington against said William A. Atkinson for $2,376.93, with interest from April 12, 1876, to which said last mentioned judgment there was applicable, of the money arising from said sale, $345.52.

The bill charges that Fulton, the defendant, who claims to be assignee of Todd of one half of the Stout judgment, had knowledge, long before the assignment was made to him, that the said William A. Atkinson was surety for the said Henry Todd in the bond upon which the Stout judgment was entered, and the other judgments hereinbefore mentioned in that respect.

The bill states that Fulton has brought suit in the superior court against Dunn and his sureties, therein seeking to recover against them on his official recognizance an amount of money equal to the one half part of the Stout judgment so as aforesaid assigned to him; and that he will prosecute said suit to judgment, unless restrained by this court. Wherefore the complainants pray, among other things, that the said Fulton be enjoined and restrained from all further proceedings in his said suit.

Upon the presentation of this bill on the 17th day of April, 1882, a preliminary injunction was awarded as prayed in the bill.

Both Fulton and Atkinson, the other defendant, have filed answers in the cause. Atkinson substantially admits all the material parts of the bill. Fulton, in his answer, sets forth *in hæc verba* the assignment by Todd to him, and states that an additional reason and consideration for making said assignment was that he (Fulton) should become the solicitor of said Todd and Atkinson, against the bill of complaint of Levi H. Miller against them heretofore heard in this court, which he did upon the faith of said assignment; and as such solicitor did defend the said suit and the said Todd and Atkinson, until they obtained a final decree in their favor. He substantially admits the record facts stated in the bill of complaint, and among the facts admitted in the agreement filed by the solicitors respectively, for the parties in this cause, is the following : "That the amount paid by William A. Atkinson, as surety for Todd, out of the proceeds of the sale of Atkinson's lands, exceeds the amount paid by Todd, as surety for Atkinson, out of the proceeds of the sale of Todd's land, including interest on the amount paid out of the proceeds of the sale of Todd's lands, as surety for Atkinson, from the time of the confirmation of Todd's sale to the confirmation of Atkinson's sale,—a period of five years,—by the sum of $773.96."

*Edward Ridgely* and *James L. Wolcott*, for the complainants:

Subrogation is purely an equitable result, and not dependent on contract or consent. *Huston's Appeal*, 69 Pa. 485 ; *Neff* v. *Miller*, 8 Pa. 347 ; *Eaton* v. *Hasty*, 6 Neb. 419 ; *Miller* v. *Stout*, [*ante*, 259] ; Sheld. Subr. §§ 12, 13, 86, 107, 111, 112, 240.

Todd was not entitled to subrogation in this case, because of Atkinson's countervailing and superior equities. *Miller* v. *Stout* [*ante*, 259].

Fulton's equity must be worked out through Todd ; and, as Todd had none, Fulton took nothing by either the legal or equitable assignment. *Neff* v. *Miller*, and *Huston's Appeal*,

*supra; Lloyd* v. *Galbraith,* 32 Pa. 103; *Gearhart* v. *Jordan,* 11 Pa. 325.

Here is a surety whose money has been applied in payment of the debt of his principal, to the exclusion of his own proper creditor. That he would be entitled to come in by way of substitution upon the estate of the principal is everyday equity; and it is equally clear that his creditor, who has suffered by the appropriation of funds which otherwise would have been available for the discharge of his claim, may well ask to stand upon his equity to the extent of the deprivation to which he has been subjected. *Neff* v. *Miller,* and *Gearhart* v. *Jordan, supra; Barney* v. *Grover,* 28 Vt. 391.

Harrington is not a volunteer, but was a judgment creditor of Atkinson from May 16, 1876, and assignee of the Farmers Bank mortgage, entered March 7, 1876, prior to the sale of Todd's lands. *Mosier's Appeal,* 56 Pa. 76; Sheld. Subr. 12, 240.

*J. Alexander Fulton* with whom was *Charles H. B. Day,* for defendants:

Subrogation, or marshaling of assets, is a purely equitable relief, wholly discretionary, and will never be granted when the effect would be injurious to others. *Ex parte Kendall,* 17 Ves. Jr. 514; *McGinnis' Appeal,* 16 Pa. 445; *Gring's Appeal,* 89 Pa. 336; *Wagner* v. *Elliott,* 95 Pa. 487.

Creditors have no lien on choses in action. 1 Ves. Jr. 197.

Even sureties are entitled to no more than indemnity. Harrington has been fully indemnified. 31 La. Ann. 703; 2 Eng. 348.

Harrington's equities must be wrought out through Atkinson; and as Atkinson can have no equities as against Fulton, Harrington can have none. *Lloyd* v. *Galbraith,* 32 Pa. 103.

Todd, Atkinson and Fulton were perfectly competent to make the arrangement they did on the 16th of March, 1877, as stated in the equitable assignment of Todd to Fulton and

Atkinson of that date, and in the answer of Todd and At-kinson in the *Miller Case. Cottrell's Appeal,* 23 Pa. 294 ; *Forbes* v. *Maffatt,* 18 Ves. 384 ; *Van Mater* v. *Ely,* 1 Beas. 271 ; *Harrisburg Bank* v. *German,* 3 Pa. 300 ; *Benedict* v. *Benedict,* 2 McCart. 150 ; *McMillan* v. *Gordon,* 4 Ala. 716 ; *Carr* v. *Waugh,* 28 Ill. 418 ; Sheld. Subr. §§ 58, 63, 67.

Where the equities are equal the court will leave the par-ties where it finds them. *Oxenden* v. *Compton,* 2 Ves. Jr. 69 ; *Compton* v. *Oxenden,* Id. 264 ; *Coates' Appeal,* 7 Watts & S. 99 ; Ad. Eq. *159 ; Sheld. Subr. § 4.

Fulton has a lien on the fund as solicitor (1) under the contract with Todd and Atkinson (2) generally without con-tract. *Read* v. *Dupper,* 6 T. R. 361 ; *Randle* v. *Fuller,* 6 T. R. 457 ; *Warfield* v. *Campbell,* 38 Ala. 527 ; *Barnes* v. *Taylor,* 3 Stew. 467 ; *Power* v. *Kent,* 1 Cow. 172 ; *Ten Broeck* v. *De Witt,* 10 Wend. 617 ; *McGregor* v. *Comstock,* 28 N. Y. 237 ; *Diehl* v. *Fiester,* 37 Ohio St. 473 ; *Hunt* v. *McClanahan,* 1 Heisk. 503 ; *Pleasants* v. *Korbrecht,* 5 Heisk. 694 ; *Perkins* v. *Perkins,* 9 Heisk. 95 ; *Cowdrey* v. *Galveston, H. & H. R. Co.* 93 U. S. 352 (23 L. ed. 950) ; *Florida Internat. Improvement Co.* v. *Greenough,* 105 U. S. 527 (26 L. ed. 1157) ; *Patten* v. *Wilson,* 34 Pa. 299.

THE CHANCELLOR.—In the view which I take of this case, it is unnecessary to refer at any greater length, or more in detail, to the statements of the bill or answers, or the facts admitted in the cause. The principles upon which this case depend were ruled by this court in the case of *Miller* v. *Stout, ante,* 259, heretofore heard in this court.

The facts in this case were before me in that, so far as the same are necessary to determine the defendants' rights in this cause. In that case the doctrine of subrogation was fully dis-cussed and considered. To the opinion then delivered upon that subject I still adhere ; that case has never been reversed, and if the principles therein decided be true, Mr. Fulton cannot, in this or any other case, avail himself of any benefit under his assignment by Todd, of any supposed interest in

Todd, in the judgment of Emanuel Stout against Todd and Atkinson.

Any interest in Todd could only have existed by reason of having paid, as surety for Atkinson, that judgment; but Atkinson, at the time that judgment was paid, was surety for Todd in a larger sum than Todd was surety for him, and, out of the proceeds of the sale of Atkinson's lands, $773.96 more were paid in satisfaction of judgments against Todd than was paid out of the sale of Todd's lands towards the satisfaction of judgments against Atkinson.

Mr. Fulton, if he has any equity against Atkinson, must work out his equity through Todd's equity against Atkinson. Todd, having no such equity, had none to assign, and the claim of Mr. Fulton in this cause, therefore, wholly fails.

The decree of the court, therefore, is that the preliminary injunction heretofore awarded in this cause be made perpetual, and that Mr. Fulton pay the costs, or attachment.